## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| HARRY & DAVID HOLDINGS, INC., *et al.*, | ) Case No. 11-10884 (MFW) |
| | ) |
| Debtors. | ) (Jointly Administered) |

### WRITTEN DEMAND FOR RECLAMATION OF GOODS UNDER 11 U.S.C.§ 546(c)(1) AND NOTICE OF CLAIM PURSUANT TO THE PERISHABLE AGRICULTURAL COMMODITIES ACT UNDER 7 U.S.C. § 499e(c) NOTICE OF RESERVATION OF RIGHT TO ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. § 503(b)(9) AND CERTIFICATE OF SERVICE

Coffee Bean International, Inc. ("CBI"), a creditor and seller of goods to the Debtor, by and through its attorneys, hereby makes written demand for reclamation of goods pursuant to 11 U.S.C. § 546(c)(1), and in support thereof submits the following:

1. CBI has sold goods to Harry & David Holdings, Inc., and/or its affiliate debtors (collectively, the "Debtor") in the ordinary course of CBI's business since on or about February 1, 1994, and as of March 28, 2011 (the "Petition Date"), the Debtor owes CBI the sum of $150,900.67, plus such additional interest, costs or other charges to which CBI may be entitled by agreement of the parties or under applicable law. A summary and copies of all unpaid invoices for goods delivered to the Debtor are attached hereto as Exhibit A.

### A. Reclamation

2. Pursuant to 11 U.S.C. § 546(c)(1)(A) and (B), CBI is entitled to reclamation of such goods received by the Debtor while insolvent within forty-five (45) days before the Petition Date, provided that CBI, as seller, makes written demand not later than forty-five (45) days after

the date of receipt of such goods by the Debtor, or not later than twenty (20) days after the date of commencement of the case if the 45-day period expires after the commencement of the case.

3. The Debtor filed for relief under title 11 of the United States Code, as amended on March 28, 2011, and the Debtor received goods from CBI within forty-five (45) days prior to the Petition Date herein.

4. CBI has not received payment for those goods delivered within forty-five (45) days prior to the filing of the bankruptcy, which payment is currently past due in the sum of $128,268.76, and CBI believes that the Debtor was insolvent at such time that the Debtor received the goods. Accordingly, CBI hereby demands reclamation of all such goods, pursuant to 11 U.S.C. § 546(c)(1).

5. A summary and copies of the invoices for goods delivered to the Debtor within forty-five (45) days prior to filing of this bankruptcy is attached hereto as Exhibit A.

6. To the extent that the goods delivered within the forty-five (45) days prior to the Petition Date herein are unavailable for reclamation, CBI's claim should be allowed as a priority administrative expense for its claim arising out of the sale of said goods pursuant to this Written Demand for Reclamation of goods under 11 U.S.C. § 546(c)(1).

**B. Perishable Agricultural Commodities Act**

7. CBI is also a supplier of goods under the Perishable Agricultural Commodities Act, codified at 7 U.S.C. § 499e (hereinafter "PACA").

8. The requisite notice pursuant to PACA is hereby provided, and $123,243.96 of the goods received by the Debtor before the date of commencement of the case are in the nature of perishable agricultural commodities under PACA. See, Exhibit A.

9. To the extent that the goods delivered to the Debtor on or after February 15, 2011, prior to the Petition Date herein, are in the nature of perishable agricultural commodities covered by PACA, CBI is entitled to a super-priority administrative expense claim for the immediate payment of $123,243.96.

C. **Section 503(b)(9) Claim**

10. To the extent that goods were delivered within twenty (20) days prior to the Petition Date herein, CBI reserves its right without limitation to and hereby asserts a claim in the amount of $221.80 as a priority administrative expense if requested under 11 U.S.C. § 503(b)(9). See, Exhibit A.

WHEREFORE, CBI hereby makes demand for:

i. Reclamation of those good delivered within 45 days of the Petition Date, pursuant to 11 U.S.C. § 546(c)(1)(A) and (B), and as reflected on invoices affixed hereto, in the amount of $128,268.76;

ii. Payment pursuant to PACA, of all perishable agricultural commodities delivered to the Debtors, pursuant to 7 U.S.C. § 499e, and as reflected on the invoices affixed hereto, in the amount of $123,243.96;

iii. Payment pursuant to 11 U.S.C. § 503(b)(9), for all good delivered to the Debtors within twenty (20) days of the Petition Date, in the amount of $221.80.

DATED this 14th day of April, 2011.

BUCHANAN INGERSOLL & ROONEY PC

_____
Peter J. Duhig, Esq. (Bar No. 4024)
1105 North Market Street, Suite 1900
Wilmington, DE 19801-1054
T: 302.552.4200 / F: 302.552.4295
*Attorneys for Coffee Bean International, Inc.*