# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
In re                                             :   Chapter 11
:
HARRY & DAVID HOLDINGS, INC, *et al.*,[1]         :   Case No. 11-10884 (MFW)
:
          Debtors.   :   (Jointly Administered)
:
---------------------------------------------------------------x  Re: Docket No. 84

## ORDER AUTHORIZING THE RETENTION
## AND PAYMENT OF PROFESSIONALS UTILIZED
## BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS

This matter coming before the Court upon the Motion of the Debtors for an Order Authorizing the Retention and Payment of Professionals Utilized by the Debtors in the Ordinary Course of Business (the "Motion"),[2] filed by the above-captioned debtors (collectively, the "Debtors"); the Court having reviewed the Motion; the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion and the hearing thereon was sufficient under the circumstances; after due deliberation the Court having determined that (i) the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors and (ii) the Ordinary Course Professionals are not "professionals" within the meaning of section 327(a) of the Bankruptcy Code; and good and sufficient cause having been shown;

---

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Harry & David Holdings, Inc. (4389); Harry and David (1765); Harry & David Operations, Inc. (1427); Bear Creek Orchards, Inc. (7216). The address of each of the Debtors is 2500 South Pacific Highway, Medford, Oregon 97501.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Pursuant to sections 105(a), 327, 328 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014(a), to the extent deemed necessary or appropriate by the Debtors, the Debtors are authorized to employ Ordinary Course Professionals in the ordinary course of the Debtors' business, effective as of the Petition Date.

3. The Debtors are authorized to pay each Ordinary Course Professional, without further order of the court, 100% of the fees and disbursements actually incurred by the Ordinary Course Professional after the Petition Date, upon the greater of: (i) $50,000 per month per Ordinary Course Professional; or (ii) $250,000, in the aggregate, per Ordinary Course Professional over the duration of these chapter 11 cases (the "OCP Fee Limits").

4. Within 30 days after the later of the entry of this Order or the date on which the Ordinary Course Professional commences services for the Debtors, each lawyer, law firm or other party that is a Ordinary Course Professional shall provide the Debtors' attorneys with an Ordinary Course Professional Affidavit, substantially in the form annexed to the Motion as Exhibit B, certifying that the law firm, legal professional or other party does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the law firm, legal professional or other party is to be employed.

5. Upon receipt of any such Ordinary Course Professional Affidavit, the Debtors' attorneys shall file it with the Court and serve it upon the Interested Parties. The Interested Parties shall have 15 days following such service to notify the Debtors in writing of any objection to the requested retention. If after 15 days no objection is filed, then the retention of such Ordinary Course Professional shall be deemed approved without the need of a hearing or further order.

6.  No Ordinary Course Professional shall be paid any amounts for invoiced fees and/or expense reimbursement until its Ordinary Course Professional Affidavit, if required, has been filed with and approved by the Court or, if an objection is filed, the objection is resolved consensually or by order of the Court.

7.  To the extent that an Ordinary Course Professional seeks compensation in excess of the OCP Fee Limits (the "Excess Fees"), the Ordinary Course Professional shall submit a Notice of Fees in Excess of the OCP Fee Limits (the "Notice of Excess Fees") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred. Interested Parties shall then have 15 days to object to the Notice of Excess Fees. If after 15 days no objection is filed, the Excess Fees shall be deemed approved, and the Ordinary Course Professional may be paid 100% of its fees and 100% of its expenses without the need to file a fee application.

8.  Beginning fifteen (15) days after the end of the first calendar quarter following the Petition Date, and fifteen (15) days after the end of each quarter thereafter (each, a "Quarter") in which these chapter 11 cases are pending, the Debtors shall file with the Court and serve on the Interested Parties a statement with respect to the immediately preceding Quarter which shall include the following information with respect to each Ordinary Course Professional: (i) the name of the Ordinary Course Professional, (ii) the aggregate amounts of fees paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the reported Quarter, and (iii) a general description of the services rendered by each Ordinary Course Professional during the reported Quarter.

Dated: April 26, 2011
Wilmington, Delaware

THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE