**ORIGINAL**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------x
                                              :

In re                                             :   Chapter 11

HARRY & DAVID HOLDINGS, INC, *et al.*,[1]   :   Case No. 11-10884 (MFW)

                Debtors.                     :   (Jointly Administered)

------------------------------------------------------------x   Re: Docket No. 101

### ORDER AUTHORIZING THE DEBTORS TO (I) RETAIN ALVAREZ & MARSAL NORTH AMERICA, LLC TO PROVIDE THE DEBTORS AN INTERIM CHIEF EXECUTIVE OFFICER AND CHIEF RESTRUCTURING OFFICER AND CERTAIN ADDITIONAL OFFICERS AND ADDITIONAL PERSONNEL AND II DESIGNATE KAY HONG AS CHIEF RESTRUCTURING OFFICER FOR THE DEBTORS NUNC PRO TUNC TO THE PETITION DATE

This matter coming before the Court on the Motion of the above-captioned Debtors (the "Debtors") for an Order (i) authorizing the Debtors, under the terms and conditions set forth in the Motion, to (a) retain A&M to provide the Debtors an Interim CEO and CRO and certain Additional Officers and Additional Personnel and (b) retain Kay Hong as Interim CEO and CRO for the Debtors nunc pro tunc to March 28, 2011 (the "Petition Date"); and (ii) granting certain related relief (the "Motion");[2] the Court having reviewed the Motion and the Hong Declaration and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding

---

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Harry & David Holdings, Inc. (4389); Harry and David (1765); Harry & David Operations, Inc. (1427); Bear Creek Orchards, Inc. (7216). The address of each of the Debtors is 2500 South Pacific Highway, Medford, Oregon 97501.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion. The term "Additional Personnel" includes Erin McKeighan, a Consultant with A&M that is serving as an Assistant Restructuring Officer for the Debtors.

pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion and the Hearing was sufficient under the circumstances; after due deliberation the Court having determined that the relief requested in the Motion is necessary and essential for the Debtors' reorganization and such relief is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as modified herein.

2. The terms of the Engagement Letter, including without limitation, the compensation provisions and indemnity provisions, as modified by the Motion and this Order, are reasonable terms and conditions of employment and are hereby approved.

3. The Debtors are authorized to engage Alvarez & Marsal North America, LLC ("A&M") on the terms described in the Motion, subject to the following terms, which apply notwithstanding anything in the Motion or any exhibits related thereto to the contrary:

> (a) A&M and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases.
>
> (b) In the event the Debtors seek to have A&M personnel assume executive officer positions that are different than the positions disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new executive officers, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.
>
> (c) A&M shall file with the Court with copies to the United States Trustee ("U.S. Trustee") and all official committees, a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed.

- 2 -

RLF1 3990297v. 1

(d) No principal, employee or independent contractor of A&M and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of the above-captioned cases.

(e) A&M shall file with the Court, and provide notice to the U.S. Trustee and all official committees, reports of compensation earned and expenses incurred on a monthly basis. Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. All compensation shall be subject to review by the Court in the event an objection is filed.

(f) Notwithstanding the requirements of paragraph (e) above, the Debtors are authorized, but not directed, to pay, in the ordinary course of business, all amounts invoiced by A&M for fees and expenses incurred in connection with A&M's retention.

(g) Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

(h) The Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policy. There shall be no other indemnification of A&M or its affiliates

(j) For a period of three years after the conclusion of the engagement, neither A&M nor any of its affiliates shall make any investments in the Debtors or the Reorganized Debtors.

(k) A&M shall disclose any and all facts that may have a bearing on whether A&M, its affiliates, and/or any individuals working on the engagement have any interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. The obligation to disclose identified in this subparagraph is a continuing obligation.

RLF1 3990297v. 1

4. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. The last sentence of paragraph 15 of the February 11, 2011 Engagement Letter is superseded, in its entirety, by the dispute resolution procedures described in paragraph 18 of the Motion and Exhibit C thereto.

6. Notwithstanding the terms of the Engagement Letter, A&M shall not receive any Performance Fee (as such term is defined in the Engagement Letter) in the form of equity. Instead, the Debtors and A&M shall reach an agreement prior to the confirmation of any chapter 11 plan in these cases that replaces any equity-based Performance Fee with a cash-based Performance Fee (the "Alternate Performance Fee") that is of comparable value to the originally proposed equity-based Performance Fee. The Debtors shall provide notice of the Alternate Performance Fee to the United States Trustee for the District of Delaware, the Official Committee of Unsecured Creditors in these cases and the Debtors' postpetition secured lenders within three (3) business days of reaching an agreement with A&M on the specific terms of the Alternate Performance Fee. A&M shall seek Court approval of the Alternate Performance Fee as part of A&M's final fee application in these cases, and all parties shall retain their right to object to the Alternate Performance Fee in accordance with paragraph 3(g) above. In addition, the Performance Fee (as such term is defined in the Engagement Letter), as modified pursuant to this Order, shall not exceed three million dollars in total amount.

RLF1 3990297v. 1

7. To the extent provided in the Motion, this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order, the Engagement Letter and/or the services provided by the Retention Personnel.

Dated: April 27, 2011
      Wilmington, Delaware

_____
THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE