

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re                                   : Chapter 11
                                        :
HARRY & DAVID HOLDINGS, INC, et al.,[1] : Case No. 11-10884 (MFW)
                                        :
    Debtors.                            : (Jointly Administered)
                                        :
---------------------------------------------------------------x  Re: Docket No. 124

ORDER AUTHORIZING THE DEBTORS TO RETAIN
AND EMPLOY ROTHSCHILD INC. AS FINANCIAL ADVISOR
AND INVESTMENT BANKER *NUNC PRO TUNC* AS OF THE PETITION DATE

This matter coming before the Court on the Application of the Debtors to Retain and Employ Rothschild Inc. as Financial Advisor and Investment Banker *Nunc Pro Tunc* as of the Petition Date (the "Application"),[2] filed by the above-captioned debtors (the "Debtors"); the Court having reviewed the Application, the Augustine Declaration and having considered the statements of counsel and the evidence adduced with respect to the Application at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) the terms and conditions of Rothschild's employment, including the compensation structure set forth in

---

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Harry & David Holdings, Inc. (4389); Harry and David (1765); Harry & David Operations, Inc. (1427); Bear Creek Orchards, Inc. (7216). The address of each of the Debtors is 2500 South Pacific Highway, Medford, Oregon 97501.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application or the Augustine Declaration.

CHI-1799108v2
RLF1 3989907v. 1

the Engagement Letter, are reasonable as required by section 328(a) of the Bankruptcy Code and (v) notice of the Application and the Hearing was sufficient under the circumstances; after due deliberation the Court having determined that the relief requested in the Application is necessary and essential for the Debtors' reorganization and such relief is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1. The Application is granted as set forth herein, nunc pro tunc to the Petition Date.

2. The Debtors are authorized, pursuant to sections 327 and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, to employ and retain Rothschild as their financial advisor and investment banker in accordance with the terms and conditions set forth in the Engagement Letter, effective nunc pro tunc.

3. The terms of the Engagement Letter are approved in all respects except as limited or modified herein.

4. All of Rothschild's compensation set forth in the Engagement Letter, including, without limitation, the Monthly Fee, the Recapitalization Fee and the New Capital Fee, is approved pursuant to section 328(a) of the Bankruptcy Code and Rothschild shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of this Court.

5. None of the fees payable to Rothschild shall constitute a "bonus" or fee enhancement under applicable law.

6. Notwithstanding any provision to the contrary in this Order, the United States Trustee for the District of Delaware (the "U.S. Trustee") shall have the right to object to Rothschild's request(s) for interim and final compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Rothschild's fees under the standard set forth in the preceding sentence. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Rothschild's fees.

7. Rothschild shall include in its fee applications, among other things, time records setting forth, in a summary format, a description of the services rendered by each professional, and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors in one-half hour increments, but Rothschild shall be excused from keeping time in one-tenth of an hour increments.

8. Rothschild is granted a waiver of the information requirements relating to compensation requests set forth in Local Rule 2016-2(d) to the extent requested in the Application.

9. Rothschild shall be exempt from the requirements set forth in any Interim Compensation Order entered in these chapter 11 cases with respect to their professional fees only. Rothschild shall comply with the requirements set forth in any

Interim Compensation Order and Local Rule 2016-2(e) with respect to any expenses they incur during the course of their engagement in these chapter 11 cases.

10. The Debtors shall be bound by the indemnification, contribution, reimbursement, exculpation and other provisions of the Engagement Letter and will indemnify and hold harmless Rothschild and its affiliates, counsel and other professional advisors, and the respective directors, officers, controlling persons, agents and employees of each of the foregoing (collectively, the "Indemnified Parties"), pursuant to the Engagement Letter, subject, during the pendency of these chapter 11 cases, to the following:

    a. Rothschild shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

    b. The Debtors shall have no obligation to indemnify Rothschild, or provide contribution or reimbursement to Rothschild, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Rothschild's gross negligence, fraud, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of Rothschild's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing to be a claim or expense for which Rothschild should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

    c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 Cases, Rothschild believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the

advancement of defense costs, Rothschild must file an application therefore in this Court, and the Debtors may not pay any such amounts to Rothschild before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Rothschild for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Rothschild. All parties in interest shall retain the right to object to any demand by Rothschild for indemnification, contribution or reimbursement.

11. Section 6 of the Engagement Letter is hereby amended by amending and restating the first sentence thereof in its entirety to read as follows:

"Without in any way reducing or affecting the provisions of Exhibit A hereto, the Company shall reimburse Rothschild for its customary and reasonable expenses incurred in connection with the performance of its engagement hereunder, and the enforcement of this Agreement, including, subject to Bankruptcy Court approval, without limitation, the reasonable fees, disbursements and other charges of Rothschild's counsel (without the requirement that the retention of such counsel be approved by the Bankruptcy Court)."

12. Section 8 of the Engagement Letter is hereby amended by amending and restating the second sentence thereof in its entirety to read as follows:

"This Agreement may be terminated by either party at any time by fifteen (15) days advance notice in writing."

13. Exhibit A to the Engagement Letter is hereby amended by deleting therefrom the following language in the fourth paragraph:

"; provided, that, in no event shall the aggregate contribution of all such Indemnified Parties exceed the amount of fees received by Rothschild under this Agreement."

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

15. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062 or 9014.

16. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

17. To the extent that this Order is inconsistent with the Engagement Letter, the terms of this Order shall govern.

18. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: April 21, 2011
Wilmington, Delaware

THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE