**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

---------------------------------------------------------------x
: 
In re : Chapter 11
:
HARRY & DAVID HOLDINGS, INC, *et al.*,[1] : Case No. 11-10884 (MFW)
:
Debtors. : (Jointly Administered)
:
---------------------------------------------------------------x Re: Docket Nos. 348, 415, 423, 433, 450,
453, 467 & 468

**RESPONSE OF THE DEBTORS TO OBJECTIONS
TO THE DEBTORS' DISCLOSURE STATEMENT**

The above-captioned debtors (collectively, the "Debtors") hereby respond to the objections (collectively, the "Objections") to the Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code for the Joint Plan of Reorganization of Harry & David Holdings, Inc. and its Debtor Subsidiaries, dated May 18, 2011 (Docket No. 348) (as amended, the "Disclosure Statement").

**Introduction**

1. The Debtors believe that, even without amendment, the Disclosure Statement provides "adequate information", as required under section 1125 of title 11 of the United States Code (the "Bankruptcy Code"). To avoid disputes, however, the Debtors have attempted to reach resolution on the Objections. As a result and despite the Debtors' belief that their original disclosure in the Disclosure Statement was adequate, the Debtors have added additional language in numerous sections of the Disclosure Statement. The Debtors added the additional language to address certain objections that requested more information in the

---

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Harry & David Holdings, Inc. (4389); Harry and David (1765); Harry & David Operations, Inc. (1427); Bear Creek Orchards, Inc. (7216). The address of each of the Debtors is 2500 South Pacific Highway, Medford, Oregon 97501.

Disclosure Statement or, in the case of the Landlord Objection (as defined below), clarify that the Debtors will only assume or assume and assign contracts in accordance with the requirements of section 365 of the Bankruptcy Code.  As a result, the Debtors believe the amendments made to the Disclosure Statement filed with this Court on June 21, 2011 (Docket No. 467) resolve the vast majority of the issues raised in the Objections.[2]  The Debtors filed a blackline copy of the Disclosure Statement indicating these changes on June 21, 2011 (Docket No. 468).

  2. The Objections to the Disclosure Statement are as follows:

    a. Limited Objection of Silver Sands Joint Venture Partners to Proposed Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code for the Joint Plan of Reorganization of Harry & David Holdings, Inc. and its Debtor Subsidiaries (Docket No. 423);

    b. The Taubman Landlords' Joinder Limited Objection of Silver Sands Joint Venture Partners [Related Document #423] to Proposed Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code for the Joint Plan of Reorganization of Harry & David Holdings, Inc. and its Debtor Subsidiaries [Related Document #348] (Docket No. 433) (together with the objection filed by Silver Sands Joint Venture Partners, the "Landlord Objection");

    c. Treasurer of Douglas County, Colorado's Objections to the Adequacy of the May 18, 2011 Disclosure Statement (Docket No. 450) (the "Treasurer Objection"); and

    d. Objection of the Pension Benefit Guaranty Corporation ("PBGC") to the Debtors' Motion for an Order Approving (I) the Disclosure Statement with Respect to the Debtors' Plan of Reorganization, (II) the Notice of the Disclosure Statement Hearing, (III) Procedures for the Solicitation of Votes on the Plan, (IV) Procedures for Participating in the Rights Offering and Approval of the Subscription Agreement Related Thereto, an (V) Certain Related Relief (Docket No 453) (the "PBGC Objection").

---

[2] The Debtors also filed the First Amended Joint Plan of Reorganization of Harry & David Holdings, Inc. and its Debtor Subsidiaries (Docket No. 466) (the "Plan") on June 21, 2011.

3. As set forth below, the Debtors believe the additional language added to the Disclosure Statement is sufficient to resolve the Objections, but, to the extent any Objections remain, they are without merit.

**Response to Objections**

*The Landlord Objection*

4. The Landlord Objection focuses entirely on the Plan's procedures for the assumption or potential assumption and assignment of executory contracts and unexpired leases under the Plan. Specifically, the Landlord Objection argues that a person may interpret Article V of the Plan to allow the Debtors to assume or assume and assign executory contracts and unexpired leases without satisfying the requirements of section 365 of the Bankruptcy Code. While the Debtors disagree with this interpretation of the Plan, the Debtors added language to sections XI.A.2 and XI.A.3 of the Disclosure Statement (and sections V.A.2 and V.A.3 of the Plan) to clarify that the Plan does not allow the Debtors to assume or assume and assign executory contracts without satisfying the requirements of section 365 of the Bankruptcy Code.

*The Treasurer Objection*

5. The Treasurer Objection focuses entirely on the proposed treatment of the other secured claims classified in class 1 (the "Class 1 Claims"). Contrary to the assertions in the Treasurer Objection, the Disclosure Statement provides adequate disclosure on the Plan's treatment of the Class 1 Claims, and the treatment of holders of Class 1 Claims is proper to allow for approval of the Disclosure Statement. Any other arguments of the Treasurer are, at best, confirmation objections.

6. In any case, under the Plan the holders of Class 1 Claims will receive such treatment that leaves their legal rights unaltered either through payment, the turnover of collateral or some other treatment that leaves a holder of a Class 1 Claim unimpaired in

accordance with section 1124 of the Bankruptcy Code.  See Section III.B.1 of the Plan.  To the extent an individual holder of a Class 1 Claim believes the Debtors' ultimate chosen treatment of its claim impairs its legal rights, it will be entitled to petition the Court to argue that the Debtors have not satisfied their obligations under the Plan.  Regardless of the actual treatment provided to any holder of a Class 1 Claim under the Plan, such treatment must render the holder of the Class 1 Claim unimpaired, which satisfies all of the applicable plan confirmation requirements of section 1129 of the Bankruptcy Code.[3]  As such the Treasurer Objection is without merit.

*The PBCG Objection*

7.  The PBGC Objection primarily challenges whether certain portions of the Disclosure Statement contain adequate information.  While the Debtors believe the objection lacks merit, the Debtors have added additional language to address issues raised in the PBGC Objection.

8.  First, the PBGC asserts the Disclosure Statement fails to include a sufficient discussion regarding whether the Debtors meet the necessary legal requirements to obtain successful termination of their pension plan.  In response, the Debtors added additional language to section VI.H of the Disclosure Statement that sets forth why the Debtors' believe they meet the necessary standards.  Second, the PBGC Objection asserts the Disclosure Statement fails to indicate how the Debtors will satisfy certain potential payments that the reorganized Debtors may have to make to the PBGC if the pension plan is terminated.  In response, the Debtors added additional language to section VII.D of the Disclosure Statement that clarifies the financial projections attached to the Disclosure Statement as Exhibit III include

---

[3]  The Treasurer Objection also raises concerns that a Class 1 Claim secured by a junior interest in collateral may be satisfied prior to payment of another Class 1 Claim that possess a senior interest in the same collateral.  Similar to the above, this concern is irrelevant, because any treatment of a valid Class 1 Claim must render such claim unimpaired.

amounts for certain payments the reorganized Debtors may have to make if the pension plan is terminated.

9. Finally, the PBGC Objection asserts the Disclosure Statement fails to include sufficient information regarding a reserve for disputed claims.  In response, the Debtors have added additional language to the Plan (section III.B.3) and additional language to the Disclosure Statement (section II.B) to provide for a disputed claims reserve for the PBGC's claims.

## Conclusion

10. In accordance with the above, the Debtors request that the Court overrule the Objections to the Disclosure Statement to the extent any of the Objections remain unresolved by the amendments to the Disclosure Statement.

[The remainder of this page is intentionally blank.]

CHI-1807718v2

| Dated: June 21, 2011 Wilmington, Delaware | Respectfully submitted, |
|---|---|

        /s/ Zachary I. Shapiro
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Tyler D. Semmelman (No. 5386)
RICHARDS, LAYTON & FINGER, P.A.
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700

-and-

David G. Heiman
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939

Brad B. Erens
Mark A. Cody
Timothy W. Hoffmann
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 782-3939

ATTORNEYS FOR THE DEBTORS