UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------x
:
In re                                                    : Chapter 11
                                                         :
HARRY & DAVID HOLDINGS, INC, *et al.*,[1]                : Case No. 11-10884 (MFW)
                                                         :
Debtors.                                                 : (Jointly Administered)
                                                         :
---------------------------------------------------------x Re: Docket Nos. 415, 429, 468, 499, 500,
                                                         503 & 504

## ORDER APPROVING (I) THE DISCLOSURE STATEMENT WITH RESPECT TO THE DEBTORS' SECOND AMENDED JOINT PLAN OF REORGANIZATION, (II) THE NOTICE OF DISCLOSURE STATEMENT HEARING, (III) PROCEDURES FOR THE SOLICITATION OF VOTES ON THE PLAN, (IV) PROCEDURES FOR PARTICIPATING IN THE RIGHTS OFFERING AND APPROVAL OF THE SUBSCRIPTION AGREEMENT RELATED THERETO, AND (V) CERTAIN RELATED RELIEF

This matter coming before the Court on the Motion of Debtors for an Order Approving (I) the Disclosure Statement with Respect to the Debtors' Plan of Reorganization, (II) the Notice of Disclosure Statement Hearing, (III) Procedures for the Solicitation of Votes on the Plan, (IV) Procedures for Participating in the Rights Offering and Approval of the Subscription Agreement Related Thereto and (V) Certain Related Relief (the "Motion");[2] the Court having reviewed the Motion, the objections to the Motion filed by Silver Sands Joint Venture Partners, Taubman Landlords, Douglas County Treasurer and Pension Benefit Guaranty Corporation [Docket Nos. 423, 433, 450, 453 and 492] (collectively, the "Objections") and the response to the Objections filed by the Debtors [Docket No. 469], and having heard the

---

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Harry & David Holdings, Inc. (4389); Harry and David (1765); Harry & David Operations, Inc. (1427); Bear Creek Orchards, Inc. (7216). The address of each of the Debtors is 2500 South Pacific Highway, Medford, Oregon 97501.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); and upon the record of these chapter 11 cases; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

THE COURT HEREBY FINDS THAT:

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C. Notice of the Motion and the Hearing, made in the manner described in the Motion, was sufficient and appropriate under the circumstances and complied with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

D. The relief requested in the Motion and granted herein is warranted under the circumstances and is in the best interests of the Debtors' respective estates and creditors.

E. The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

F. The contents of the Solicitation Packages to be distributed to creditors and other parties in interest in connection with the solicitation of votes on the Plan and the procedures for providing notice of the hearing on confirmation of the Plan (the "Confirmation Hearing") and the other matters set forth in the notice of the Confirmation Hearing and the deadline to submit ballots to accept or reject the Plan (the "Confirmation Hearing Notice") comply with Bankruptcy Rules 2002 and 3017, and constitute sufficient notice to all interested parties in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

G. The form of the ballots attached to the Motion as Exhibit B (collectively, the "Ballots") (i) are consistent with Official Form No. 14, (ii) adequately address the particular needs of these chapter 11 cases, (iii) are appropriate for each class of claims entitled to vote to accept or reject the Plan, and (iv) comply with Bankruptcy Rule 3017(d).

H. Ballots need not be provided to holders of claims in Classes 1, 2, 5, 6 and 7 because: (i) Classes 1, 2, 5 and 6 under the Plan are conclusively presumed to accept the Plan in accordance with section 1126(f) of the Bankruptcy Code or otherwise; and (ii) holders of interests in Class 7 (Equity Interests of Harry & David Holdings, Inc.) under the Plan are deemed to have rejected the Plan.

I. The period during which the Debtors may solicit votes to accept or reject the Plan and conduct the Rights Offering, as established by this Order, provides a sufficient time for (i) creditors to make informed decisions to accept or reject the Plan and submit timely Ballots and/or participate in the Rights Offering, as applicable, and (ii) the Nominees to distribute Senior Notes Ballots to the Beneficial Owners, receive completed Senior Notes Ballots from the Beneficial Owners, and complete and submit timely Senior Notes Master Ballots.

J. The procedures for the solicitation and tabulation of votes to accept or reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code, and comply with applicable state and federal securities laws.

K. The Rights Offering Procedures are fair and equitable, are appropriate under the circumstances, and are consistent with the Bankruptcy Code, Bankruptcy Rules and principles of due process.

L.     The Rights Offering Documents and the Rights Offering Procedures, together with the Disclosure Statement, adequately describe the Rights Offering and enable a hypothetical reasonable investor typical of holders of claims in Class 3 that is an Eligible Holder to make an informed judgment about the Rights Offering and adequately explains the requirements and methods for participating in the Rights Offering.

IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED, and the Objections, to the extent not withdrawn or otherwise resolved, are OVERRULED.

2.     The Disclosure Statement is APPROVED.

3.     The notice with respect to the Disclosure Statement in the form attached to the Motion as Exhibit A (the "Disclosure Statement Notice") is hereby APPROVED. The Debtors' service of this Motion, the Disclosure Statement Notice, the Disclosure Statement, and the Plan on the parties described in the Motion complies with Bankruptcy Rules 2002 and 3017, and constitutes sufficient notice to all interested parties in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

4.     The Debtors' request to have GCG serve as (a) Voting Agent in connection with the preparation, distribution, and tabulation of the Ballots and (b) Subscription Agent in connection with the Rights Offering is, in each case, APPROVED.

*The Solicitation Package*

5.     The Debtors are directed, except as provided below, to mail Solicitation Packages containing copies of: (a) the Confirmation Hearing Notice; (b) the Disclosure Statement (together with the exhibits thereto, including the Plan, that have been filed with the Court before the date of the mailing) and this Order, in each case, in a CD-ROM format; (c) the

letters recommending acceptance of the Plan from the Debtors and the Creditors' Committee in substantially the forms presented to the Court; (d) for each Eligible Holder that has timely certified that it is, or is deemed to be, an Accredited Investor and has otherwise complied with the Accredited Investor Order, the Rights Offering Procedures and the Rights Offering Documents; and (e) for Solicitation Packages (i) sent to holders of claims in classes entitled to vote to accept or reject the Plan, an appropriate form of Ballot and a postage prepaid Ballot return envelope, or (ii) sent to holders of claims against any Debtor in a class under the Plan that is deemed to accept or reject the Plan, such Solicitation Packages shall not include a Ballot, but shall include the appropriate notice with respect to holders of claims and interests who are not entitled to vote to accept or reject the Plan (the "Notice of Non-Voting Status").

6. For Entities who are listed in the Schedules in the amount of $0 or in an unknown amount, or who are scheduled as contingent, unliquidated, or disputed and who did not timely file a proof of claim (other than parties to executory contracts or unexpired leases), in lieu of the Solicitation Package, such parties shall receive only the Confirmation Hearing Notice.

7. The Plan and the Solicitation Packages, including the Disclosure Statement and forms of the Ballots, shall be made available by paper copy upon written request, **so that such request is actually received** at least five business days before the Voting Deadline (as defined below), to the Debtors' Voting Agent, The Garden City Group, Inc., 5151 Blazer Parkway, Suite A, Dublin, OH 43017 (Attn: Harry & David Balloting Agent) to the Debtors' Voting Agent. Such documents shall also be available via the Internet on the website of the Debtors' Voting Agent at http://www.gcginc.com/cases/had/.

*__Approval of the Form of the Ballots__*

8.  The Ballots substantially in the forms attached to the Motion as Exhibit B, including the instructions attached to each Ballot, are APPROVED. The Debtors are authorized to make nonsubstantive changes to the Ballots, including modifications to conform to the deadlines set forth herein. The appropriate Ballots shall be distributed to holders of claims in the following classes entitled to vote to accept or reject Plan:

| | |
|---|---|
| Ballot No. 3A | Ballot for Class 3 Claims (Senior Note Claims and PBGC Claim) held by the PBGC. |
| Ballot No. 3B | Ballot for Class 3 Claims (Senior Note Claims and PBGC Claim) held by the Beneficial Owners of the Senior Notes (the "Senior Notes Ballot"). |
| Ballot No. 3M | Master Ballot with respect to Class 3 Claims (Senior Note Claims and PBGC Claim) to be submitted by the Nominees (as defined below) with respect to the Senior Note Claims (the "Senior Notes Master Ballot"). |
| Ballot No. 4 | Ballot for holders of Class 4 General Unsecured Claims. |

***Notice of Non-Voting Status***

9.  Consistent with sections 1126(f) and 1126(g) of the Bankruptcy Code and Bankruptcy Rule 3017(d), Solicitation Packages for holders of claims against any Debtor in a class under the Plan that is deemed to accept or reject the Plan under section 1126(f) or 1126(g) of the Bankruptcy Code shall not include a Ballot, but shall include the appropriate Notice of Non-Voting Status.

10. The Notices of Non-Voting Status, substantially in the forms attached to the Motion as Exhibits D-1 and D-2, are APPROVED. The Debtors are authorized to make nonsubstantive changes to the Notices of Non-Voting Status, including modifications to conform to the deadlines set forth herein.

***Mailing of Solicitation Packages***

11. Except as provided below, the Solicitation Packages shall be mailed by the Debtors not less than 28 days prior to the Voting Deadline to: (a) all persons or entities that (i) have filed proofs of claim on or before the General Bar Date and (ii) held such claims as of the Record Date (as defined below), or such persons' or entities' transferees in accordance with the procedures set forth below; (b) all persons or entities listed in the Schedules as holding liquidated, noncontingent, and undisputed claims as of the Record Date, or their transferees in accordance with the procedures set forth below; (c) all parties on Schedule G to the Debtors' Schedules; (d) the Senior Notes Trustee and the Nominees; (e) all holders of record of the common stock of HD; (f) all other parties in interest that have filed requests for notice pursuant to Bankruptcy Rule 2002 in the Debtors' chapter 11 cases; (g) the SEC; (h) the U.S. Trustee; (i) all other known holders of claims or potential claims against the Debtors as of the Record Date that do not fall within any of the categories described in subsections (a) through (h) of this paragraph (such parties not within any of the categories described in subsections (a) through (h) of this paragraph, the "Matrix Parties"). The Matrix Parties shall receive only the Confirmation Hearing Notice.

12. The Debtors are excused from mailing Solicitation Packages to those entities for which the Debtors have only Undeliverable Addresses unless the Debtors are provided with accurate addresses for such entities, in writing, so as to be received on or before the date of the Disclosure Statement Hearing. Failure to mail Solicitation Packages to such entities shall not constitute inadequate notice of the Confirmation Objection Deadline, the Confirmation Hearing, the Voting Deadline or any other matter. If a Solicitation Package is returned as undeliverable, the Voting Agent shall resend such Solicitation Package only once,

provided that the United States Post Office has included a forwarding address at least ten business days before the Voting Deadline.

### *Record Date and Voting Deadline*

13. Pursuant to Bankruptcy Rule 3017(d), June 24, 2011 shall be the record date for purposes of determining which creditors are entitled to receive Solicitation Packages and, where applicable, vote on the Plan (the "Record Date").

14. With respect to a transferred claim, the transferee shall be entitled to receive a Solicitation Package and cast a Ballot on account of such claim only if by the Record Date all actions necessary to effect the transfer of the claim pursuant to Bankruptcy Rule 3001(e) have been completed.

15. To be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed, and delivered to the Voting Agent either (a) by regular mail, (b) by overnight mail or (c) by personal delivery so that, in each case, such Ballots are received by the Voting Agent no later than 5:00 p.m., Eastern Time, on the date that is at least 28 days after the date on which the Debtors mail the Ballots and other approved solicitation materials (the "Voting Deadline"). In any event, the Voting Deadline shall be no later than July 29, 2011, provided that the Debtors, in their discretion, after consultation with the Requisite Principal Holders, may agree to extend the Voting Deadline for one or more creditors. Following completion of the mailing of the Solicitation Packages, the Debtors shall (a) file a notice with the Court indicating the actual date of the Voting Deadline, (b) indicate such date in the distribution versions of the Ballots and the Confirmation Hearing Notice, and (c) publish notice of such date on the website of the Debtors' Voting Agent at http://www.gcginc.com/cases/had/.

## *Procedures for Vote Tabulation*

16. Solely for purposes of voting to accept or reject the Plan — and not for the purpose of the Rights Offering or the allowance of, or distribution on account of, a claim and without prejudice to the rights of the Debtors in any other context — each claim within a class of claims entitled to vote to accept or reject the Plan shall temporarily allowed in accordance with the following Tabulation Rules:

   a. unless otherwise provided in the Tabulation Rules described below, a claim will be temporarily allowed for voting purposes in the amount of such claim, and against the relevant Debtor indicated, as set forth in a proof of claim filed on or before June 13, 2011;

   b. if a claim is deemed allowed in accordance with the Plan or an order of the Court, such claim will be allowed for voting purposes in the deemed allowed amount set forth in the Plan or such Court order;

   c. if a claim for which a proof of claim has been filed on or before June 13, 2011 is marked as contingent or wholly unliquidated, such claim will be temporarily allowed for voting purposes in the amount of $1.00;

   d. if a claim for which a proof of claim has been filed on or before June 13, 2011 is marked as partially unliquidated, such claim will be temporarily allowed for voting purposes in the liquidated amount of such claim;

   e. if a claim relates to damages resulting from the rejection of an unexpired lease or executory contract to be rejected pursuant to the Plan, and such claimant has not filed another proof of claim in these chapter 11 cases (whether on account of such claimant's damages claim for rejection of such unexpired lease or executory contract or otherwise related to such unexpired lease or executory contract), such claim will be temporarily allowed for voting purposes in the amount of $1.00;

   f. if a claim is listed in the Schedules in an amount greater than $0 and is not listed as contingent, unliquidated, or disputed and as to which a proof of claim was not timely filed, such claim will be temporarily allowed for voting purposes in the scheduled amount of such claim and against the relevant Debtor indicated in the Schedules;

   g. if a claim is listed in the Schedules as contingent, unliquidated, or disputed or in a zero or unknown amount and as to which a proof of claim was not timely filed, such claim will be disallowed for voting purposes;

h. with respect to claims asserted by holders of the Senior Notes (collectively, the "Senior Noteholders"), the amounts of such claims for voting purposes will be the lesser of (i) the amounts indentified by DTC (as defined below) on the Nominee Register (as defined below), or (ii) the amounts identified by a Nominee on a Senior Notes Master Ballot, in each case calculated in accordance with, and subject to, the terms of paragraph 19(f) below;

i. if a claim otherwise has been estimated or allowed by the Court, such claim will be allowed for voting purposes in the amount so estimated or allowed by the Court;

j. if the Debtors seek to reduce and/or reclassify a claim in an objection filed before the Voting Deadline, such claim will be temporarily allowed for voting purposes in the amount and /or classification to which the Debtors seek to reduce and/or reclassify such claim, pending allowance of the claim in a higher amount and/or different classification by the Court;

k. if the Debtors seek to expunge a claim in an objection filed before the Voting Deadline, such claim will be temporarily disallowed, pending allowance of the claim by the Court;

l. if a proof of claim clearly (i) is duplicative of one or more other proofs of claim filed by or on behalf of the same creditor, or (ii) amends and supersedes one or more prior proofs of claim filed by or on behalf of the same creditor, such proof of claim shall supersede the prior claims for voting and tabulation purposes; and

m. each creditor that holds or has filed more than one claim, none of which are the subject of subsection (l) of this paragraph, shall be treated as if such creditor has only one claim in each applicable class, and the claims filed by such creditor shall be aggregated in each applicable class, and the total dollar amount of such creditor's claims in each applicable class shall be the sum of the aggregated claims of such creditor in each applicable class.

17. Any claimant that seeks to challenge the allowance of its claim for voting purposes in accordance with the Tabulation Rules shall be required file a motion pursuant to Bankruptcy Rule 3018 (a "Rule 3018 Motion") and serve such motion, **so that it is actually received by such parties on or before July 20, 2011**, on (a) counsel to the Debtors, Jones Day, 77 West Wacker, Chicago, Illinois 60601 (Attn: Brad B. Erens, Esq. and Timothy W. Hoffmann, Esq.) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King

Street, Wilmington, Delaware 19801 (Attn: Daniel J. DeFranceschi, Esq. and Paul N. Heath, Esq.); (b) counsel to the Creditors' Committee, Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, New Jersey 07068 (Attn: Kenneth A. Rosen, Esq. and Sharon L. Levine, Esq.) and Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Laura Davis Jones, Esq. and Bradford J. Sandler, Esq.); (iii) counsel to the Ad Hoc Committee of Noteholders, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038-4982 (Attn: Kristopher M. Hansen, Esq. and Erez E. Gilad, Esq.); (iv) Munger, Tolles & Olson LLP, 355 South Grand Avenue, 35th Floor, Los Angeles, California 90071 (Attn: Thomas B. Walper, Esq.); (v) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Ira S. Dizengoff, Esq.); and (vi) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Mark S. Kenney, Esq.) (the "Notice Parties"). Such motion shall, to the extent necessary, be heard at the hearing on confirmation of the Plan. In accordance with Bankruptcy Rule 3018, any Ballot submitted by a creditor that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Rules unless and until (a) the underlying claim is temporarily allowed by the Court for voting purposes in a different amount or (b) the Debtors, in their discretion, after consultation with the Requisite Principal Holders, agree to allow the claim for voting purposes in a different amount.

18. In tabulating the Ballots, the following additional Tabulation Rules shall apply: (a) any Ballot that is properly completed, executed, and timely returned to the Voting Agent but does not indicate an acceptance or rejection of the Plan or indicates both an acceptance and rejection of the Plan will not be counted as either a vote to accept or a vote to reject the Plan; (b) any Ballot that is unsigned will not be counted as either a vote to accept or a vote to reject the

Plan; (c) any Ballot cast by a party that is not entitled to vote will not be counted as either a vote to accept or a vote to reject the Plan; (d) any Ballot transmitted to the Voting Agent by facsimile, email or other electronic means will not be counted as either a vote to accept or a vote to reject the Plan; (e) if a creditor casts more than one Ballot voting the same claim before the Voting Deadline, the last dated valid Ballot received before the Voting Deadline will be deemed to reflect the voter's intent and thus will supersede any prior Ballots; (f) creditors will be required to vote all of their claims within a particular class under the Plan either to accept or reject the Plan and may not split their votes; thus, a Ballot (or a group of Ballots within a Plan class received from a single creditor) that partially rejects and partially accepts the Plan will not be counted; and (g) Ballots received after the Voting Deadline will not be tabulated for determining whether a class of creditors has voted to accept or reject the Plan; *provided* that the Debtors, in their discretion, after consultation with the Requisite Principal Holders, may agree to extend the Voting Deadline for one or more creditors.

*<u>Senior Notes Solicitation and Tabulation Procedures</u>*

19. The following Senior Notes Solicitation and Tabulation Procedures are hereby APPROVED:

   a. Commencing reasonably after the General Record Date, but in no event later than July 1, 2011, the Debtors shall cause a Solicitation Package or Packages to be mailed by first class mail, postage prepaid, to each Nominee for distribution to Beneficial Owners as of the Record Date, in the manner described below.

   b. Prior to the Voting Agent's mailing of the Solicitation Packages to the Nominees, (i) the Debtors shall obtain from DTC a list in appropriate electronic or other format agreed to by the Debtors containing the names and addresses of the Nominees and, for each Nominee, the aggregate holdings of the Beneficial Owners for whom such Nominee provides services (the "<u>Nominee Register</u>"), (ii) the Voting Agent shall contact each Nominee to determine the number of Solicitation Packages needed by the Nominee for distribution to the applicable Beneficial Owners for whom the Nominee performs services, and (iii) the Voting Agent shall deliver to

each Nominee a Senior Notes Master Ballot and the requisite number of Solicitation Packages with Senior Notes Ballots.

c. The Nominees shall be required to distribute the Solicitation Packages they receive as promptly as possible to the Beneficial Owners for whom they provide services. In particular, to obtain the votes of the Beneficial Owners, each Nominee shall include as part of each Solicitation Package sent to a Beneficial Owner a Senior Notes Ballot and a return envelope provided by and addressed to the Nominee. The Beneficial Owners shall return the Senior Notes Ballots to the Nominee in the manner and by the deadline in the instructions accompanying the Senior Notes Ballots. Upon receipt of the completed Senior Notes Ballots from the Beneficial Owners, the Nominee shall summarize the votes of its respective Beneficial Owners on a Senior Notes Master Ballot in accordance with the instructions attached to the Senior Notes Master Ballot. The Nominee shall return the Senior Notes Master Ballot to the Voting Agent so that it is received on or prior to the Voting Deadline in accordance with the procedures set forth above.

d. All Beneficial Owners that are signatories to the Plan Support Agreement with the Debtors shall, in addition to the requirement that they return the Senior Notes Ballots to the relevant Nominee in the manner and by the deadline in the instructions accompanying the Senior Notes Ballots, also send, to the extent practicable, written evidence of their vote in the same format as provided by such Beneficial Owners to their respective Nominees to counsel to the Debtors, Jones Day, 77 West Wacker, Chicago, Illinois 60601 (Attn: Brad B. Erens, Esq. and Timothy W. Hoffmann, Esq.) **so that it is actually received** by counsel to the Debtors on or before the Voting Deadline.

e. The Debtors shall serve a copy of the order of the Court approving the Solicitation and Tabulation Procedures described in this Motion on (i) the Senior Notes Trustee; (ii) each known entity that is serving as a Nominee; and (iii) Broadridge Financial Solutions, Inc., which is an intermediary that processes voting materials for many brokerage firms and banks. Upon written request, the Debtors shall reimburse such entities (or their agents) in accordance with customary procedures for their reasonable, actual, and necessary out-of-pocket expenses incurred in performing the tasks described above. No other fees, commissions, or other remuneration will be payable to any Nominee (or their agents or intermediaries) in connection with the distribution of Solicitation Packages to Beneficial Owners or the completion of Senior Notes Master Ballots.

f. With respect to the tabulation of Ballots cast by Beneficial Owners of Senior Notes, the following procedures shall apply:

- All Nominees shall be required to retain the Senior Notes Ballots cast by their respective Beneficial Owners for inspection for a period of one year following the Voting Deadline.

- The Voting Agent shall compare the votes cast by the Beneficial Owners to the Nominee Register. Votes submitted by a Nominee on a Senior Notes Master Ballot will not be counted in excess of the aggregate position in Senior Notes of the Beneficial Owners for whom the Nominee provides services, as identified in the Nominee Register. The submission of a Senior Notes Master Ballot reflecting an aggregate amount of voting claims that exceeds the record position the aggregate position identified on the Nominee Register is referred to herein as an "Overvote."

- To the extent that a Senior Notes Master Ballot contains an Overvote or votes that otherwise conflict with the Nominee Register, the Voting Agent shall attempt to reconcile the Overvote or conflicting vote as soon as possible after the Voting Deadline.

- To the extent that an Overvote or a conflicting vote on a Senior Notes Master Ballot is not promptly reconciled, the Voting Agent (i) shall calculate the respective percentage of the total stated amount of the Senior Notes Master Ballot voted by each respective Beneficial Owner, (ii) shall multiply such percentage for each Beneficial Owner by the amount of aggregate holdings for the applicable Nominee identified on the Nominee Register and (iii) shall tabulate votes to accept or reject the Plan based on the result of this calculation, as shall be described in any certification filed by the Voting Agent with this Court. The Debtors or the Requisite Principal Holders may challenge the appropriateness of this calculation in any given case by seeking a determination of the Court within three business days after the final voting results are certified by the Voting Agent.

- A single Nominee may complete and deliver to the Voting Agent multiple Senior Notes Master Ballots summarizing the votes of Beneficial Owners of Senior Notes. Votes reflected on multiple Senior Notes Master Ballots shall be counted, except to the extent that they are duplicative of other Senior Notes Master Ballots. If two or more Senior Notes Master Ballots are inconsistent, the latest dated Senior Notes Master Ballot received prior to the Voting Deadline shall, to the extent of such inconsistency, supersede and revoke any prior Senior Notes Master Ballot.

## *Rights Offering Procedures and Rights Offering Documents*

20. The Rights Offering Procedures and the Rights Offering Documents, substantially in the forms as Exhibits F and G to the Motion, respectively, are hereby APPROVED, and the Debtors are authorized to distribute the Rights Offering Documents and the Rights Offering Procedures to each Eligible Holder together with the Solicitation Package.

21. The Debtors are hereby authorized and empowered to conduct the Rights Offering pursuant to the terms and provisions of the Rights Offering Procedures, and may take such actions as necessary or appropriate to conduct and implement the Rights Offering, including, without limitation, establishing the Escrow Account (as defined in the Backstop Agreement) and/or entering into an escrow agreement, which shall be acceptable to the Debtors and the Requisite Backstop Providers, with respect to such Escrow Account. The Debtors are also authorized and directed to execute every Subscription Agreement that is properly executed by a Rights Offering Participant (as defined in the Rights Offering Procedures).

22. GCG is authorized to act as Subscription Agent in connection with the Rights Offering.

## *Confirmation Hearing*

23. The Confirmation Hearing is scheduled to be conducted on August 11, 2011 at 11:00 a.m. The Confirmation Hearing may be continued from time to time by the Court without further notice other than the announcement of the adjourned date(s) at the Confirmation Hearing or any continued hearing.

24. Objections to confirmation of the Plan, if any, must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection to the confirmation of

the Plan; and (d) be filed with the Court and served on the Notice Parties listed in paragraph 17 of this Order, **so that they are actually received by such Notice Parties** no later than 5:00 p.m., Eastern Time, on the date that is no less than 28 days after the date on which the Debtors serve the Confirmation Hearing Notice (the "Confirmation Objection Deadline"). In any event, the Confirmation Objection Deadline shall be no later than July 29, 2011. Following service of the Confirmation Hearing Notice, the Debtors shall (a) file the Confirmation Hearing Notice with the Court indicating, among other things, the actual date of the Confirmation Objection Deadline, and (b) publish notice of such date on the website of the Debtors' Voting Agent at http://www.gcginc.com/cases/had/.

25. The Confirmation Hearing Notice in substantially the form attached to the Motion as Exhibit C-1 is APPROVED. The Debtors are authorized to make nonsubstantive changes to the Confirmation Hearing Notice, including modifications to conform to the deadlines set forth herein. The Debtors shall serve copies of the Confirmation Hearing Notice, along with the other materials comprising the Solicitation Package, in accordance with the procedures set forth in the Motion and this Order.

26. The notice in an abbreviated form of the Confirmation Hearing Notice in substantially the form attached to the Motion as Exhibit C-2 (the "Publication Notice") is APPROVED. The Debtors are authorized to make nonsubstantive changes to the Publication Notice, including modifications to conform to the deadlines set forth herein. The Debtors shall publish the Publication Notice on or before July 1, 2011 in the national edition of *The Wall Street Journal* and *The Oregonian.*

27. The Debtors and any other party in interest are authorized to file a consolidated response to any objections filed to the Plan on or before August 8, 2011.

28. The Debtors and any other party in interest may file an affidavit and/or memorandum of law in support of the Plan on or before August 8, 2011.

29. The Voting Agent shall file with the Court, on or before August 8, 2011, a report of the voting on the Plan by class and voting amount. The Voting Agent shall provide counsel to each of the Debtors and the Ad Hoc Committee of Noteholders equal access to all information relating to the solicitation and tabulation procedures as well as the Rights Offering, and counsel to each of the Debtors and the Ad Hoc Committee of Noteholders shall have the right to request, at any time, interim reports from the Subscription Agent and the Voting Agent, as applicable.

30. The Debtors and the Voting Agent are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further Order of the Court.

Dated: _____June 24_____, 2011
Wilmington, Delaware

THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE