**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------------x
:
In re                                              :    Chapter 11
:
HARRY & DAVID HOLDINGS, INC, *et al.*,[1]          :    Case No. 11-10884 (MFW)
:
          Debtors.                                :    (Jointly Administered)
:
---------------------------------------------------------------x

**NOTICE OF: (I) ENTRY OF ORDER
CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION
OF HARRY & DAVID HOLDINGS, INC. AND ITS DEBTOR SUBSIDIARIES,
AS MODIFIED AND RESTATED; (II) EFFECTIVE DATE; AND (III) BAR DATES
FOR CERTAIN ADMINISTRATIVE CLAIMS AND REJECTION DAMAGE CLAIMS**

PLEASE TAKE NOTICE OF THE FOLLOWING:

1. **Confirmation of the Plan.** On August 29, 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (Docket No. 767) (the "Confirmation Order") confirming the Second Amended Joint Plan of Reorganization of Harry & David Holdings, Inc. and its Debtor Subsidiaries, as Modified and Restated, dated August 29, 2011 (as it may be further modified, the "Plan"), in the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors"). Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Plan and the Confirmation Order.

2. **Effective Date.** Pursuant to the Confirmation Order, the Debtors hereby certify and give notice that the Plan became effective in accordance with its terms, and the Effective Date occurred, on September 13, 2011.

3. **Discharge of Claims**

    a. Except as provided in the Plan or in the Confirmation Order, the rights afforded under the Plan and the treatment of Claims and Interests under the Plan were in exchange for and in complete satisfaction, discharge and release of all Claims, including any interest accrued on Claims from the Petition Date. Except as provided in the Plan or in the Confirmation Order, Confirmation, as of the Effective Date, discharged the Debtors from all Claims or other Liabilities that arose on or before the Effective Date and all debts of the kind

---

[1]     The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Harry & David Holdings, Inc. (4389); Harry and David (1765); Harry & David Operations, Inc. (1427); Bear Creek Orchards, Inc. (7216). The address of each of the Debtors is 2500 South Pacific Highway, Medford, Oregon 97501.

specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (i) a proof of Claim based on such debt is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code, (ii) a Claim based on such debt is allowed pursuant to section 502 of the Bankruptcy Code or (iii) the holder of a Claim based on such debt has accepted the Plan.

b. In accordance with the foregoing, except as provided in the Plan or the Confirmation Order, the Confirmation Order is a judicial determination, as of the Effective Date, of a discharge of all Claims, including any debts and Liabilities against the Debtors, pursuant to sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment obtained against a Debtor at any time, to the extent that such judgment relates to a discharged Claim.

4. **General Injunctions Related to Discharge and Releases Granted Pursuant to the Plan.**

a. **Except as provided in the Plan or the Confirmation Order, as of the Effective Date, all Entities that have held, currently hold or may hold a Claim or other debt or Liability that is discharged pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions on account of any such discharged Claims, debts or Liabilities: (i) commencing or continuing in any manner any action or other proceeding against the Debtors, the Reorganized Debtors or their respective property, other than to enforce any right pursuant to the Plan; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Debtors, the Reorganized Debtors or their respective property, other than as permitted pursuant to (i) above; (iii) creating, perfecting or enforcing any lien or encumbrance against the Debtors, the Reorganized Debtors or their respective property; (iv) asserting a setoff of any kind against any debt, liability or obligation due to the Debtors or the Reorganized Debtors, except to the extent a valid right of setoff or recoupment is asserted as part of an Allowed Claim; and (v) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.**

b. **As of the Effective Date, all Entities that have held, currently hold or may hold any Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or Liabilities that are released pursuant to the Plan are permanently enjoined from taking any of the following actions against any released Entities, including the Released Parties, or their property on account of such released claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities: (i) commencing or continuing in any manner any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff of any kind against any debt, liability or obligation due to any released Entity; and (v) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.**

5. **Bar Dates.**

a. **Administrative Claims Subject to the General Administrative Bar Dates.** Except as otherwise provided in Section III.A.1.g.ii of the Plan and section 5.c below, unless previously filed with the Bankruptcy Court, requests for payment of Administrative Claims must be filed with the Bankruptcy Court and served on the Reorganized Debtors **no later than 30 days after the Effective Date (i.e., by October 13, 2011)** (the "Administrative Claims Bar Date"). Holders of Administrative Claims that are required to file and serve a request for payment of such Administrative Claims and that do not file and serve such a request by the Administrative Claims Bar Date shall be forever barred from asserting such Administrative Claims against the Debtors, the Reorganized Debtors or their respective property and such Administrative Claims shall be deemed discharged as of the Effective Date.

b. **Rejection Damage Claims.** If the rejection of an Executory Contract or Unexpired Lease pursuant to the Plan gives rise to a Claim by the other party or parties to such contract or lease, such Claim shall be forever barred and shall not be enforceable against the Debtors, the Reorganized Debtors, their respective successors or their respective properties unless a proof of Claim is filed with the Bankruptcy Court and served on the Reorganized Debtors **no later than 30 days after the Effective Date (i.e., by October 13, 2011)**. Pursuant to Section V.C of the Plan, on the Effective Date, the Debtors rejected each Executory Contract and Unexpired Lease **not listed** on the Schedule of Assumed Executory Contracts and Unexpired Leases (See Ex. E to the Plan Supplement (Docket No. 649)).

c. **Ordinary Course Liabilities.** Administrative Claims based on liabilities incurred by a Debtor in the ordinary course of its business, including Administrative Trade Claims, any Intercompany Claims that are Administrative Claims, Administrative Claims of governmental units for Taxes and Administrative Claims arising from those contracts and leases of the kind described in Section V.F of the Plan, shall be satisfied by the applicable Reorganized Debtor pursuant to the terms and conditions of the particular transaction giving rise to such Administrative Claims, without any further action by the holders of such Administrative Claims or further approval of the Bankruptcy Court. As such, holders of Administrative Claims based on liabilities incurred by a Debtor in the ordinary course of its business need not file and serve requests of payments of such Administrative Claims by the bar date set forth in section 5.a. above.

d. **Service Upon Claims and Noticing Agent**. Administrative Claims and proofs of Claim that are required to be filed in accordance with the bar dates set forth above also must be served on the Debtors' claims and noticing agent, either by (i) mailing to The Garden City Group, Inc., Attn: Harry & David Claims Processing, P.O. Box 9692, Dublin, OH 43017-4992 or (ii) delivering the original Administrative Claim or proof of claim by hand or overnight courier to The Garden City Group, Inc., Attn: Harry & David Claims Processing, 5151 Blazer Parkway, Suite A, Dublin, OH 43017. Proofs of claim submitted by facsimile or electronic mail shall not be accepted and shall not be deemed properly filed.

6. **Notice Parties' Service Addresses**. Any pleading, notice or other document required by the Plan, the Confirmation Order, other order of the Bankruptcy Court or applicable Bankruptcy Rules to be served on or delivered to, as applicable, the Debtors, the

Reorganized Debtors or the U.S. Trustee must be sent by overnight delivery service, facsimile transmission, courier service or messenger to: (i) counsel to the Debtors and the Reorganized Debtors, RICHARDS, LAYTON & FINGER, One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Daniel J. DeFranceschi) and JONES DAY, 77 West Wacker Drive, Chicago, Illinois 60601 (Attn: Brad B. Erens and Timothy W. Hoffmann); and (ii) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Mark S. Kenney).

7. **Copies of the Plan and the Confirmation Order**. Copies of the Plan and the Confirmation Order may be obtained free of charge at http://www.gcginc.com/cases/had.

Dated: September 13, 2011
Wilmington, Delaware

Respectfully submitted,

*/s/ Zachary I. Shapiro*
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Tyler D. Semmelman (No. 5386)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700

-and-

David G. Heiman
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939

Brad B. Erens
Mark A. Cody
Timothy W. Hoffmann
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 782-3939

ATTORNEYS FOR REORGANIZED DEBTORS

CHI-1812636v5